ROGERS JOSEPH O'DONNELL
THOMAS H. CARLSON (State Bar No. 121367)
AARON P. SILBERMAN (State Bar No. 161021)
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Plaintiffs
21X CAPITAL LTD. and DAVID A. BREWER

*IT IS SO ORDERED AS MODIFIED*
/s/ James Ware
Judge James Ware
6/4/2004

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 21X CAPITAL LTD.; DAVID A. BREWER,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT WERRA; JOHN WERRA; 20/20 TECHNOLOGIES, INC. and DOES 1-50, inclusive,<br><br>Defendants. | Case No. C06-04135 JW (HRL)<br><br>**STIPULATION REGARDING CASE MANAGEMENT CONFERENCE**<br><br>Date:    June 11, 2007<br>Time:    10:00 a.m.<br>Dept.    8 |

Plaintiffs 21X Capital Ltd. and David A. Brewer, and defendants Robert Werra and John Werra (collectively, "the Parties"), by and through their attorneys of record, file this stipulation in connection with a June 11, 2007 case management conference. Plaintiffs' counsel calendared this date with the Court's clerk, who suggested that a brief stipulation be filed.

This is an alter ego action in which plaintiffs allege that defendants John and Robert Werra are the alter egos of RJW Acquisitions, L.C. ("RJW"). (Plaintiffs are in the process of dismissing defendant 20/20 Technologies, Inc. and will do so once certain conditions are met.) A state court judgment of approximately $1.5 million (exclusive of attorney's fees and costs) was rendered against RJW, and RJW then filed for bankruptcy in

the United States Bankruptcy Court for the Eastern District of Texas (Sherman Division) (case no. 06-40238).  In light of those bankruptcy proceedings the Parties had earlier stipulated to stays of this action.  Specifically, by stipulation and orders entered on July 25, 2006, November 16, 2006 and February 12, 2007, this Court had approved the Parties' requested stays and had vacated all the dates set forth in the July 3, 2006 "order setting initial case management conference and ADR deadlines".  The Court also took defendants' pending motion to dismiss or transfer venue off calendar and the matter had been stayed before an opposition to such motion had been filed (and, thus, before there had been a reply, a hearing or a ruling on such motion).

The RJW bankruptcy matter is now winding up and the Parties agree that it is now appropriate for this case to move forward again.

The Parties respectfully submit that the first order of business at the case management conference should be the re-setting of the pending motion to dismiss.  Defendants have retained Keker & Van Nest as new counsel.  As almost a year has passed since Defendants filed their motion to dismiss or transfer, new counsel would like an opportunity to review all circumstances that may bear on the motion and, if appropriate, file a fresh set of papers in support of it, updating the grounds for the motion as warranted.  Plaintiffs believe that new counsel inherits the case as is and that a substitution should not necessarily justify re-doing what has gone before.  Regardless of whether a new motion is filed or the extant motion opposed, the Parties would like to discuss various issues regarding the possible hearing dates.

Furthermore, unless this is deferred to the hearing date on the motion to dismiss (or some other date), the Parties also believe that it may be timely to calendar and discuss matters relating to initial disclosures, further case management conferences and

//
//
//
//

1  further dates relating to case management and trial.

2  **IT IS SO STIPULATED.**

3  For Plaintiffs:

4  Dated:  May 31, 2007          ROGERS JOSEPH O'DONNELL

5                                By:  /s/ THOMAS H. CARLSON
                                      Attorneys for Plaintiffs 21X CAPITAL LTD. and
6                                     DAVID A. BREWER

7

8  For Defendants:

9  Dated:  May 31, 2007          KEKER & VAN NEST

10                               By:  /s/ JON STREETER
                                      Attorneys for Defendants ROBERT WERRA and
11                                    JOHN WERRA

12

13                               IT IS SO ORDERED:

14  The Case Management Conference is continued to 6/18/2007 at 10:00 AM.  A Joint Case Management Statement shall be due by 6/8/2007.

16  Date: 6/4/2007

17                                    _____
                                      U.S. District Court
18                                    Judge James Ware

Page 3