*E-filed 10/02/07*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 21X CAPITAL LTD. and DAVID A. BREWER,<br><br>    Plaintiffs,<br><br>    v.<br><br>ROBERT WERRA and JOHN WERRA,<br><br>    Defendants.<br>_____/ | Case No. C06-04135 JW (HRL)<br><br>**ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Re: Docket No. 27 |

In this diversity action, Plaintiffs sue to collect a state court judgment against RJW Acquisitions, LC ("RJW") from individuals alleged to be alter egos of RJW. Plaintiff 21X Capital served 25 interrogatories on each Defendant. Defendants move for a protective order on these interrogatories and suggest that each side be limited to 30 interrogatories. This court has broad authority to issue protective orders regarding discovery. *Gray v. Winthrop Corp.*, 133 F.R.D. 39, 39 (N.D. Cal. 1990).

DISCUSSION

The Werras admit that a literal reading of FED. R. CIV. P. 33 permits any party to serve 25 interrogatories on any other party, and it is undisputed that Plaintiffs have acted within these literal terms. In spite of this, Defendants argue that the limiting principles of FED. R. CIV. P. 26[1] and the facts of this case make a further limitation on Rule 33 appropriate.

---

[1] Rule 26 authorizes the court to alter the limits on the number of interrogatories and to issue protective orders to protect a party from undue burden or expense in the discovery process. FED. R. CIV. P. 26(b) and 26(c).

**1) Parties are "nominally separate"**

The Werras first argue that a per side limit (as opposed to Rule 33's per party limit) is appropriate because the parties are nominally separate. Defendants point to commentary and caselaw which has noted that permitting the maximum number of allowable interrogatories on each named defendant does not always accord with the purpose of Rule 33's limitation. Citing, *Vinton v. Adam Aircraft Industries, Inc.,* 232 F.R.D. 650, 664 (D.Colo. 2005); 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2168.1 (2d ed. 1994). The 25 interrogatory limit per side rule is often applied when parties to an action are nominally separate. WRIGHT, MILLER & MARCUS, § 2168.1. Parties may be considered nominally separate when represented by a single attorney, when there is unity of action, or when there is a legal relationship between parties. *Id.* Defendants contend that a per side limit should be applied here because this is an alter ego case, because Defendants are nominally separate, or because Plaintiffs are nominally separate.

Defendants cite caselaw which indicates that the nominally separate doctrine is particularly appropriate in alter ego cases. *Vinton*, 232 F.R.D. 650, 664. Defendants reason that, since Plaintiffs are attempting to collect a judgment under an alter ego theory, the limit should apply. However, *Vinton* found the parties to be nominally separate where the individual defendant and the corporate defendant were the alleged alter egos. *Id.* That is not the case here. The company alleged to be the alter ego of these individuals - RJW - is not a party to this action. There is no claim that Robert Werra and John Werra are alter egos of one another.

Defendants next claim that the Werras are nominally separate parties. They note that the Robert and John Werra are father and son, that they have the same counsel, and both are alleged to be alter egos. Further, they claim that Plaintiffs intend for each Defendant's interrogatory response to be binding on both Defendants. Plaintiffs deny claiming that one Defendant's response would necessarily bind the other. Review of the interrogatories finds little support for Defendants' claim, as there are some interrogatories related to the presentation of a defense which were identical and directed to each Defendant. Plaintiffs also note that John Werra and Robert Werra served different roles in the company and are, by any account, actually separate

1  individuals. As noted at the hearing, it is conceivable that one defendant could be found an
2  alter ego, but not the other. The limited evidence indicating these parties are similarly situated
3  is insufficient to find these parties nominally separate.[2]

4  The court declines to apply a per side limit based on a finding of nominal separateness.

**2) Scope of Interrogatories Overbroad**

Defendants next argue that the interrogatories are burdensome because their content is overly broad. The Werras do not quantify or describe in any detail how responding to these questions would be burdensome. Rather, Defendants generally "object" to Plaintiffs' use of phrases like "any and all details" from "each and every person or entity."

Plaintiffs counter that these overbreadth claims are not specific, individualized arguments tailored to the allegedly objectionable interrogatories. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102, n. 16 (1981). Nor do Defendants present the required formal objections. Fed. R. Civ. P. 33(b)(4). Furthermore, Plaintiffs demonstrate that although the interrogatories may initially seem broad, they really are not under the facts presented.[3] Accordingly, this second argument fails.

**3) 50 to 100 interrogatories are too numerous and presumptively burdensome**

Defendants finally argue that "50 interrogatories are presumptively unduly burdensome" because they exceed the 25 interrogatory limitation of FED. R. CIV. P. 33. Essentially, Defendants claim that because the limit set forth by Federal Rules is 25 per party, when a side serves more than 25 a question of undue burden is presented. When considered with the

---

[2] Defendants also argue that Plaintiffs are nominally separate because the parties are a corporation and its principle. Since only 21X Capital has served interrogatories at this time, this argument is irrelevant to the current motion.

[3] Plaintiffs show that RJW appears to have been limited to only a few transactions. (Carlson Decl., Exs. A-D). Defendants present no evidence that RJW was so complex that answering these interrogatories presents a real burden on the Werras.

United States District Court
For the Northern District of California

potential for Plaintiffs to serve 50 more,[4] the Werras claim that a reasonable limit should be imposed to protect them from the burden of responding to 50 to 100 interrogatories. Defendants do not describe a particular hardship or burden in answering that volume of interrogatories, and this court is not willing to rule in a vacuum that 50 (or 100) is too many as a matter of law.  Maybe it is; maybe not.

The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  Defendants have not met this burden and so their arguments with respect to numerosity also fail.

## CONCLUSION

For the reasons set forth above, Defendants' motion is DENIED.  Responses to the interrogatories served by Plaintiffs are due within 7 days of the date of this order.

**IT IS SO ORDERED.**

Dated: 10/2/07

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[4] Although unknown whether Plaintiff Brewer will do so, Rule 33 would permit him to serve 25 interrogatories on each Defendant.

4

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:

Thomas H. Carlson tcarlson@rjop.com, smarcus@rjop.com

Aaron Paul Silberman aps@rjop.com, fyh@rjop.com

Jon Burgess Streeter jstreeter@kvn.com, efiling@kvn.com, mcanales@kvn.com, sharmison@kvn.com

Courtney Towle ctowle@kvn.com, sgiminez@kvn.com

**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated: 10/2/07

                                                               /s/  KRO

                                    Chambers of Magistrate Judge Howard R. Lloyd