United States District Court
For the Northern District of California

*E-filed 1/11/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 21X CAPITAL LTD. and DAVID A. BREWER,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBERT WERRA and JOHN WERRA,<br><br>    Defendants.<br>_____/ | Case No. C06-04135 JW (HRL)<br><br>**ORDER ON PLAINTIFF 21X CAPITAL'S MOTIONS TO COMPEL DISCOVERY**<br><br>Re: Docket Nos. 41, 45 |

In this diversity action, Plaintiffs sue to collect a state court judgment (entered on their cross-claim) against RJW Acquisitions, LC ("RJW") from individuals alleged to be alter egos of RJW. Plaintiff 21X Capital moves to compel further document production and interrogatory responses. The party resisting relevant, non-privileged discovery has the burden of showing why discovery should not go forward. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

DISCUSSION

Plaintiffs' effort to impose personal liability on Defendants focuses on the direct individual actions of the Werras, as well as on the activities of a few of the approximately 90 business entities owned or controlled by Defendants, notably - for present purposes - 20/20

Technologies, Inc. ("20/20") and NTK Engineering (NTK). Basically, Plaintiffs say that RJW - the plaintiff in the underlying state lawsuit - was a shell corporation functioning mainly to pursue that litigation. Plaintiffs further claim that the monies it used to fund the underlying suit were funneled to RJW by the Werras (either individually or through their other entities, notably 20/20 and NTK) as needed and without regard to maintaining formalities of separate corporate existences. Also, say Plaintiffs, once RJW suffered a substantial judgment in the state court action, Defendants promptly recategorized as "loans" money that had previously gone into RJW with no such categorization. Plaintiffs' discovery looks to examine financial dealings between the Defendants, RJW, 20/20 and NTK to develop evidence to support their alter ego theory. It remains to be seen if they will be successful, but within reasonable limits they surely are entitled to make the inquiry.

In these motions to compel, Plaintiff complains about: 1) Defendants' failure to produce documents known to have existed but now gone "missing"; 2) unacceptable limitations Defendants placed on the scope of requests (especially with respect to records of 20/20 and NTK); and 3) the absence of a verification to certain supplemental responses.

At the hearing, the court questioned defense counsel at length about how the document search was conducted and how and why some things were missing (i.e., some check request vouchers, certain bank statements and cancelled checks). The court also asked of counsel the rationale for the limitations placed by Defendants on the scope of the requests. The court was surprised at how many questions counsel could not answer. Further, the court was dissatisfied at how often the answer failed to illuminate and, frequently, resulted in a fog of obfuscation.

For example, Defendants object to producing 20/20 documents except those that pertain to RJW, and then narrowly define what is pertinent. And yet, it is not exactly clear that 20/20 (a) is a separate entity at all, or (b) if it is, that Defendants made any distinction between them. During the state lawsuit, for instance, RJW's lawyer represented on the record that 20/20 was merely a "d/b/a" for RJW. *See* Carlson Decl. (Docket No. 55). This court does not know for sure the "truth" about 20/20's legal "separateness," but certainly there was enough apparent

interaction and overlap between it and RJW to justify the discovery sought by Plaintiff. The same goes for NTK.

## CONCLUSION

Based on the foregoing, Plaintiff's motions to compel are GRANTED. No later than January 22, 2008, Defendants shall:

1.  Produce all non-privileged documents responsive to the following:
    a.  Robert Werra Request for Production No.'s 8, 9, 22, 57, 60-62 (Docket No. 47).
    b.  John Werra Request for Production No.'s 9, 10, 23, 58, 61-63 (Docket No. 48).

    This production shall include, but is not limited to, those documents underlying these records (i.e., check request vouchers, photocopies of checks, and complete bank statement records), as well as the general ledgers of Robert Werra, John Werra, 20/20 and NTK (from April 2003-present).

2.  Fully answer the interrogatories responsive to the following:
    a.  Robert Werra Interrogatory No.'s 2, 3, 13, 15-18, 20-23 (Docket No. 43).
    b.  John Werra Interrogatory No.'s 5, 12, 13 (Docket No. 44).

    Defendants may again elect under FED. R. CIV. P. 33(d) to respond to the interrogatories by specifying responsive business records. However, if those records do not completely answer the interrogatory, Defendants shall so indicate and provide a supplemental, written response. Otherwise, the records are presumed to be complete responses to the interrogatories posed.

3.  Provide a more complete response to John Werra Interrogatory No. 18 (Docket No. 44). This response shall include the factual basis on which Defendants intend to rely (even if otherwise privileged) in asserting their laches defense.

4.  File and serve declarations from David Bower, Paul Ivanhoff, the Werras, and lead defense counsel attesting to the following:
    a.  Describe the search for responsive documents (What was done to locate documents? How was the search conducted? Who was involved?).

3

|   |   |   |
|---|---|---|
| 1 | | b. For documents known to have existed, but currently missing, explain why the documents are missing and whether Defendants are able to retrieve a copy of such documents from third parties. (Obviously, where possible, Defendants shall supplement the prior production with the missing documents.) |
| 5 | 5. | Upon completion of the supplemental production, certify that all responsive, non-privileged documents have been served on Plaintiff. |
| 7 | 6. | Serve a written verification of the supplemental responses previously provided to Plaintiffs' counsel in correspondence. |

**IT IS SO ORDERED.**

Dated: 1/11/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS IS TO CERTIFY THAT A COPY OF THIS NOTICE WILL BE SENT TO:


Thomas H. Carlson tcarlson@rjop.com, smarcus@rjop.com

Kevin Thayer Reed kreed@kvn.com, dmiller@kvn.com

Aaron Paul Silberman aps@rjop.com, fyh@rjop.com

Jon Burgess Streeter jstreeter@kvn.com, efiling@kvn.com, mcanales@kvn.com, sharmison@kvn.com

Courtney Towle ctowle@kvn.com, sgiminez@kvn.com


**Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.**

Dated: 1/11/08

                                      /s/  KRO

                            Chambers of Magistrate Judge Howard R. Lloyd