*E-filed 3/18/08*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 21X CAPITAL, LTD. and DAVID A. BREWER,<br><br>        Plaintiffs,<br><br>  v.<br><br>ROBERT WERRA and JOHN WERRA,<br><br>        Defendants.<br>_____/ | Case No. C06-04135 JW (HRL)<br><br>**ORDER ON THIRD PARTIES' (1) MOTION FOR PROTECTIVE ORDER QUASHING OR MODIFYING DEFENDANTS' SUBPOENAS AND (2) REQUEST FOR SANCTIONS**<br><br>Re: Docket No. 63 |

      This case began with an earlier state court action involving the sale of Sunrise Technologies ("Sunrise"). Judgment was entered in that case in favor of 21X Capital ("21X") on its cross-claim against RJW Acquisitions ("RJW"). In the current action (removed on the basis of diversity), Plaintiffs sue to collect that state court judgment from individuals alleged to be alter egos of RJW.

      Defendants recently served third party subpoenas on Silicon Valley Bank ("SVB").[1] SVB now moves for a protective order to either quash or modify the subpoenas served upon it by Defendants and for sanctions. Plaintiffs join the motion.

---

[1] Subpoenas were also served on Silicon Valley Bank's attorney (William Shoenholtz) and its Chief Compliance Officer (Suanne Mingrone). However, for convenience, the third parties are here referred to in the singular as "SVB."

## BACKGROUND

Originally, the motion addressed the entire subpoena request. Since then, the dispute has been largely narrowed by agreement. *See* Tiller Decl. (Opp. Brief, Ex. D). As such, the resolved aspects of the protective order motion are now DENIED AS MOOT. SVB also agreed to withdraw its motion for sanctions, which is, therefore, also DENIED AS MOOT. The only remaining dispute is over the production of Plaintiff David Brewer's personal financial records.

## MOTION FOR PROTECTIVE ORDER

The Werras want SVB to turn over financial statements pertaining to Brewer (either personally or related to Brewer's companies, e.g., 21X) that were submitted to SVB in connection with a loan to Sunrise. SVB moved for the protective order because Plaintiffs objected under California's right to financial privacy. Plaintiffs argued the motion.

<u>Legal Standard</u>

The parties agree that, for purposes of this motion, California law applies. Furthermore, there really is no dispute that this is the type of information protected by California's constitutional financial right to privacy. *See* Cal. Const., art. I, § 1; *also see Valley Bank of Nevada v. Sup. Ct. (Barkett)*, 15 Cal.3d 652, 656-57 (1975) (noting that a bank customer entertains a reasonable expectation of privacy with respect to financial information disclosed to the bank); *and see Fortunato v. Sup. Ct. (Ingrassia)*, 114 Cal.App.4th 475, 481 (2003) (emphasizing the various forms that a right to privacy in confidential customer information may take: e.g., tax returns, checks, statements, or other account information).

The disagreement is over whether this discovery should be permitted despite the constitutional protection. Because these privacy interests are not absolute, courts are to engage in a "careful balancing of the right of civil litigants to discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other." *Valley Bank,* 15 Cal.3d at 656-57.

Once a right to privacy is established, the first consideration is whether the right has been waived. The mere filing of a lawsuit does not effect a complete waiver. *Vinson v. Sup. Ct.*

1  *(Peralta Community College Dist.)*, 43 Cal.3d 833, 841-42 (1987).  Rather, the court should
2  look to whether the discovery at issue is "directly relevant to the plaintiff's claim and essential
3  to the fair resolution of the lawsuit." *Id.* at 842 [citation omitted]. The burden of establishing
4  direct relevance is on the Werras.  *See Davis v. Sup. Ct. (Williams)*, 7 Cal.App.4th 1008, 1017
5  (1992) [citation omitted].

6  If a court determines that a right to privacy has been implicitly waived, the discovery
7  "will not be automatically allowed."  *Id.* at 1014 [citation omitted].  The court must then
8  consider if there is a  "compelling and opposing state interest" that justifies the discovery.  *Id.*
9  In other words, there should be a "careful balancing of the compelling public need for discovery
10 against the fundamental right of privacy."  *Id.*  Finally, if discovery is permitted after this
11 analysis, then the "[t]he scope of any disclosure must be narrowly circumscribed, drawn with
12 narrow specificity, and must proceed by the least intrusive manner." *Id.*

13 Discussion

14 ***Did Brewer implicitly waive his right to privacy?*** California courts have consistently
15 required a relatively strong showing in order to prove that constitutionally protected information
16 is "directly relevant."  *See id.* at 1017 (noting that in cases where direct relevance is found, "all
17 appear to include specific averments or reasonable interpretations drawn from the pleading
18 which clearly place the subject of the privacy interest at issue").  It is within this framework that
19 the court considers the Werras' argument that Plaintiffs waived constitutional protection for this
20 information because Brewer placed his wealth "vis-a-vis the Werras' at issue."

21 Under California's alter ego theory,[2] Brewer must prove that "failure to disregard the
22 corporate entity would sanction a fraud or promote injustice."  According to Defendants,
23 Plaintiffs allege "injustice" by claiming that the Werras used their relative financial might to
24 maliciously prosecute the state court action in order to financially pressure Brewer into
25 abandoning his rights to Sunrise property.  Thus, Defendants want these financial records to
26 prove that Brewer was wealthy enough to withstand the expensive state court lawsuit.

---

[2] It is currently disputed which state's alter ego theory should apply, but both parties are willing to assume *arguendo* that California theory applies for resolution of this motion.

United States District Court
For the Northern District of California

However, whether or not Brewer is (or was) objectively wealthy seems irrelevant to Plaintiffs' claims. If Brewer's financial wherewithal is relevant at all, what matters is what Defendants *thought* with respect to his wealth, in pursuing the state court action as they did. Thus, Defendants have not met the heavy burden that the discovery is "essential to the fair resolution" of this alter ego case. *Vinson*, 43 Cal.3d at 841-42.

***Compelling state interest justifying the discovery?*** Even assuming the Werras met their burden on the waiver issue, this court would still have to consider whether there is a compelling state interest justifying disclosure. Here, the Werras say that the subpoena should be enforced because of the compelling public interest in "facilitating the ascertainment of truth in connection with legal proceedings." *Citing Planned Parenthood v. Sup. Ct.(Foti)*, 83 Cal.App.4th 347, 359-60 (2000). Specifically, they point to the state interest in ensuring that there is full disclosure of relevant information in the civil litigation discovery process.

However, the California Court of Appeal expressly rejected this as a sufficient "stand-alone" compelling public policy. *Fortunato*, 114 Cal.App.4th at 483 (analyzing both the tax return privilege and the constitutional right to financial privacy). The court noted that if this assertion of public policy were considered sufficient to overcome an established privilege, then "such an exception would swallow the rule." *Id.*

**ORDER**

The motion for a protective order with respect to the financial records is GRANTED.[3]

Dated:   3/18/08

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[3] Defendants' final effort, an offer to accept production subject to a strict confidentiality designation, also fails. Such measures do not overcome the constitutional protection. *See Davis,* 7 Cal.App.4th at 1018 (trial court's limitation of the scope of disclosure and confidentiality provision did not cure the constitutional defect).

4

1   THIS IS TO CERTIFY THAT A COPY OF THIS ORDER WILL BE MAILED TO:

2

3   Thomas H. Carlson tcarlson@rjop.com, smarcus@rjop.com

4   Daniel E. Jackson djackson@kvn.com

5   Julian William Mack pmack@buchalter.com

6
7   Kevin Thayer Reed kreed@kvn.com, dmiller@kvn.com, efiling@kvn.com

8   Aaron Paul Silberman aps@rjop.com, fyh@rjop.com

9   Jon Burgess Streeter jstreeter@kvn.com, efiling@kvn.com, mcanales@kvn.com, sharmison@kvn.com

10
11   Khari Jamil Tillery kjt@kvn.com, dbm@kvn.com, efiling@kvn.com

12   Courtney Towle ctowle@kvn.com, efiling@kvn.com, sgiminez@kvn.com

13

14   **5:06-cv-4135 Notice has been delivered by other means to:**

15   Peter Gerard Bertrand
     Buchalter Nemer
16   333 Market St 25th Fl
17   San Francisco, CA 94105-2130

18

19

20

21
22   Counsel are responsible for transmitting this order to co-counsel who have not signed up for e-filing.

23

24   Dated:      3/18/08              /s/        KRO
                                      Chambers of Magistrate Judge Howard R. Lloyd

25

26

27

28

5