IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 21X Capital Ltd., et al., | No. C06-04135 JW |
| Plaintiffs, | **ORDER ESTABLISHING LAW OF THE CASE** |
| v. | |
| Robert Werra, et al., | |
| Defendants. | |

21X Capital, Ltd. and David Brewer (collectively, "Plaintiffs") are prosecuting this action against Robert Werra and John Werra (collectively, "Defendants") alleging, *inter alia*, that Defendants are alter egos of RJW Acquisitions, L.C., which is a Texas limited liability company.

On August 13, 2008, the Court granted a partial summary judgment in favor of Defendants, finding that Texas law is applicable to decide the alter ego issues in the case. In that regard, the Court's attention was directed to article 2.21 of the Texas Business Corporation Act, which governs alter ego liability of a share "holder, owner, subscriber or affiliate" of a corporation. A dispute developed over whether TBCA Art. 2.21 applied to Defendants because, as "members" of a limited liability company, they are not shareholders, owners, subscribers or affiliates of a corporation. The Court required the parties to submit briefs on the issue of whether TBCA Art. 2.21 applied to individuals who are members of a Texas limited liability company.

On September 10, 2008, the Court conducted a Pretrial Conference to give consideration to the applicability of TBCA Art. 2.21. Counsel for the respective parties submitted written and verbal argument on the issue. As explained below, the Court finds that TBCA Art. 2.21 does not apply to Defendants, and accordingly is not the governing law which applies in this case. The Court states the applicable legal test which applies to this case.

**A.     The Business Organization Laws of Texas**

Under Texas law, corporations are governed by the Texas Business Corporation Act (TBCA"). Texas also provides for limited liability companies, which are governed by the Texas Limited Liability Company Act ("TLLCA"). Under the TLLCA, persons who participate in management of a limited liability company are called "managers." TLLCA Art. 2.12. Equity owners are called "members." TLLCA Art. 2.22.[1] RJW Acquisitions, L.C., the judgment debtor involved in this case is a Texas limited liability company. Defendants Robert and John Werra are its members.

Under Texas law, the members or managers of a limited liability company are given statutory exemption from personal liability for the debts of the limited liability company:

> Except as and to the extent the regulations [of the limited liability company] specifically provide otherwise, a member or manager is not liable for the debts, obligations or liabilities of a limited liability company including under a judgment decree, or order of a court.

(TLLCA Art. 4.03.)

However, a Texas Court of Appeals has held that, notwithstanding this statutory exemption from personal liability, a member or manager of a limited liability company can be subjected to personal liability under the principles for piercing the corporate veil that applies to corporations. See McCarthy v. Wani Venture, 251 S.W.3d 573, 590 (Tex. App. 2007). The McCarthy decision discusses several cases which elucidate the "alter ego veil piercing" principles which are applied to

---

[1] The TLLCA provides for other categories of participants which are not relevant to these proceedings (e.g., "officers" and "agents" (Art. 2.21(B); "registered agent" (Art. 2.05(A)(2); "other persons" (Art. 2.20(A)).

2

corporations and which have also been applied to limited liability companies. Id. at 590-591. Notable among the corporate alter ego cases is Castleberry v. Branscum, 721 S.W.2d 270 (Tex. 1986), in which the Texas Supreme Court explained:

> Alter ego applies when there is such a unity between corporation and individual that the separateness of the corporation has ceased and holding only the corporation liable would result in an injustice. It is shown from the total dealings of the corporation and the individual, including the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes.

Castleberry, 721 S.W. 2d at 272.

The description in the Castleberry case of the alter ego doctrine is in accord with the general common law doctrine which is applied throughout the United States. Thus, in the absence of specific legislative to the contrary, it is the doctrine which Texas applies to members of a limited liability company.

Indeed, following the decision in the Castleberry case, the Texas legislature promulgated a statutory exception to the general alter ego doctrine with respect to enumerated classes of individuals:

> [A]ny contractual obligation of the corporation or any matter relating to or arising from the obligation on the basis that the holder, owner, subscriber, or affiliate is or was the alter ego of the corporation, or on the basis of actual fraud or constructive fraud, a sham to perpetrate a fraud, or other similar theory, unless the obligee demonstrates that the holder, owner, subscriber, or affiliate caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud on the obligee primarily for the direct personal benefit of the holder, owner, subscriber, or affiliate...

TBCA Art. 2.21.

Thus, under TBCA Art. 2.21, in order to subject a "holder, owner, subscriber, or affiliate" to liability, a plaintiff must prove that the individual defendant "caused the corporation to be used for the purpose of perpetrating and did perpetrate an actual fraud" on the plaintiff. Here, the Defendants contend that this standard applies to them as "members" of a limited liability company because they are "owners" within the meaning of TBCA Art. 2.21. Thus, the soundness of Defendants' contention becomes the issue.

B. **<u>Whether a "member" of a limited liability company is an "owner" within the meaning of TBCA Art. 2.21</u>**

The Texas Supreme Court has not addressed whether a "member" of a limited liability company is an "owner" within the meaning of TBCA Art. 2.21. However, in <u>McCarthy</u>, TBCA Art. 2.21 was discussed in a law suit which sought a judgment against a member of a limited liability company on the ground that she was an alter ego liability of the company. In the underlying case, Norgips, a wallboard manufacturer claimed that its distributor, Triple M Supply, LLC, had committed fraud by, among other things, ordering product which it did not intend to pay for. Norgips claimed that Marcella McCarthy, a one-third owner of the LLC, was personally liable as an alter ego because she had caused the LLC to be used to perpetrate the fraud. The trial judge submitted a special verdict to the jury which asked whether they found that McCarthy had committed actual fraud and gave an instruction which defined actual fraud. On appeal from an adverse jury verdict, McCarthy argued that the jury charge was defective because it did not require the jury to find a material misrepresentation.

In reviewing the correctness of the submission to the jury, the Texas Court of Appeals stated:

> The trial court's charge included the following question to the jury that included each element of the "veil piercing" provision in article 2.21, section A(2) of the Texas Business Corporation Act. . .* * *We agree with the trial court that actual fraud can be the concealment of material facts or the failure to disclose a material fact. [Citations] Accordingly, the trial court did not abuse its discretion by submitting a definition in accordance with the theory of Norigips's [sic] case.

251 S.W.3d 584-85. From its seemingly approving reference to TBCA Art. 2.21 in <u>McCarthy</u>, this Court infers that the Texas appellate believed that TBCA Art. 2.21 was the correct standard to be applied to determine the alter ego liability of a member of a limited liability company. However, the case is not an explicit finding to that effect.

In <u>Taurus IP, LLC v. DaimlerChrysler Corp.</u> 534 F. Supp. 2d 849, 871-72 (W.D. Wis. 2008), in ruling on the defendants' motion for summary judgment that an individual was the alter ego of a Texas limited liability company, the district court had to decide whether liability had to be judged based on TBCA Art. 2.21 or on the general principles of alter ego enunciated in <u>Castleberry</u>. Relying

on the statutory language of TBCA Art. 2.21, the district judge concluded that 2.21 did not apply to individual members of a limited liability company:

> Plaintiff and third party defendants contend that the Texas Business Corporations Act was revised to require a showing of "actual fraud" for any claim of contractual liability. [Citation] However, they overstate the scope of the statute slightly; it limits alter ego liability only for shareholders, owners, subscribers and affiliates, not directors, officers, manager or members. [Citation] In the rare instance in which an individual meets the alter ego requirements under Castleberry but is not a shareholder or owner, no showing of actual fraud is required to establish liability.

534 F. Supp. 2d at 849, 871.

The Court is persuaded to adopt the reasoning of the Taurus case. Although, a "member" is an equity owner of a limited liability company, the word "owner" in the alter ego exemption contained in TBCA Art. 2.21(A)(2), is a specific reference back to "owner of any beneficial interest in shares" contained in TBCA Art. 2.21(A). The Court also notes that Art. 8.12 of the LLCA incorporates various provisions of the TBCA as applicable to limited liability companies. Article 2.21 is not among the incorporated sections. Moreover, the lack of incorporation of TBCA Art. 2.21 makes even more meaningful that in the incorporated provisions "member" is equated with "shareholder." See Art. 8.12(C)(3).

This decision should not be construed as a finding that TBCA Art. 2.21 does not apply to a *corporate shareholder*, against whom alter ego liability is being sought. Under LLCA Art. 1.02(A)(4), apparently, a corporation can be a member of a limited liability company corporation.[2] Thus, if a contractual alter ego claim were being asserted against a corporate member of a limited liability company and derivatively against the corporate shareholder, TBCA Art. 2.21 might be implicated.

Accordingly, the Court finds that where, as here, Defendants were a member and a managing member of a LLC, alter ego liability is not restricted by the statutory requirement of TBCA Art. 2.21.

---

[2] Any natural person may act as an organizer of a limited liability company. Art. 3.01. However, after formation a person may become a member. Art. 4.01. Under the LLCA, a "person" is defined as including a corporation. Art. 1.02(A)(4).

5

**C. <u>Alter ego liability will be judged based on the Castleberry standard measured by the formalities required by the Texas Limited Liability Company Act.</u>**

Since the Court finds that a showing of actual fraud is not required in this case, the Court looks to Texas law to determine the requirements for piercing the corporate veil. Here, Plaintiffs are attempting to pierce the corporate veil on an alter ego theory. The focus of an alter ego inquiry "is on the legal adequacy of the corporation's existence, and the relationship between the corporation and its controlling corporation or individual." <u>Pan Eastern Exploration Co. v. Hufo</u>, 855 F.2d 1106, 1131 (5th Cir. 1988) (discussing <u>Castleberry v. Branscum</u>, 721 S.W. 2d 270 (Tex. 1986)).

The Court finds that the principal time period are the events surrounding the loan, the default, the auction and subsequent litigation; thus, the Court will consider relevant any evidence probative of whether the conduct of Defendants come within standard enunciated in <u>Castleberry</u>. With respect to that standard, Defendants' conduct will be measured by the formalities or lack of formalities allowed for a limited liability company by Texas law. It is Plaintiffs' burden to prove what corporate formalities and laws governing limited liability companies in Texas. The Court requires Plaintiffs to present evidence on that issue before presenting evidence on what, if any conduct of Defendants fell below that standard to a level as to support a finding that Defendants are alter egos of RJW Acquisitions, L.C.

Dated: September 15, 2008

JAMES WARE  
United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron Paul Silberman aps@rjop.com
Courtney Towle ctowle@kvn.com
Daniel E. Jackson djackson@kvn.com
Jon Burgess Streeter jstreeter@kvn.com
Julian William Mack pmack@buchalter.com
Kevin Thayer Reed kreed@kvn.com
Khari Jamil Tillery kjt@kvn.com
Thomas H. Carlson tcarlson@rjop.com


**Dated:  September 15, 2008**               **Richard W. Wieking, Clerk**


                                             **By:  /s/ JW Chambers**
                                                   **Elizabeth Garcia**
                                                   **Courtroom Deputy**