IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 21X Capital Ltd., et al., | No. C06-04135 JW |
| Plaintiffs, | **NOTICE OF INTENT TO APPOINT A RULE 706 EXPERT WITNESS** |
| v. | |
| Robert Werra, et al., | |
| Defendants. | |

The parties are notified that pursuant to Federal Rules of Evidence 706, at the Case Management Conference scheduled to take place on September 30, 2008, the Court intends to appoint an expert witness of its own selection to render an opinion on the following subjects:

1. What formalities are required by Texas with respect to capitalization, loans, or other financial or business conduct for a Texas limited liability company?

2. Under Texas law, who is responsible for ensuring that a limited liability company observes its formalities? Is there any formal scrutiny to determine if the formalities are being observed?

3. What is the current state of the law of Texas with respect to the applicability of the doctrine of "alter ego" or "piercing the corporate veil" to subject managers or members to personal liability for a contractual obligation of the limited liability company? Is the law different if the

limited liability is for a tortious injury suffered by a third party because of the conduct of a manager, member or other acting on behalf of a limited liability company?

    4. If either doctrine is applicable, what, if any, differences does the Texas law recognize between the applicability of these doctrines to a limited liability company as distinct from their applicability to a corporation?

    5. If either doctrine is applicable to a Texas limited liability company, is the law different with respect to the circumstances in which liability would be imposed on a "manager" in comparison to the circumstances in which liability would be imposed on a "member?"

    6. If either doctrine is applicable, under Texas law, what factors are used to determine whether the liability of the limited liability company should be imposed on a manager or member and what examples are there of cases in which these factors have been applied?

    7. Has there been any significant change in the law with respect to these matters which would be of significance given the time frame involved in this case?

The parties will be invited to submit other subjects for inquiry.

If appointed, the expert would be tasked with writing a report on the issues identified by the Court. The expert will also be subjected to being called to give a deposition and to being called by the Court or any party to testify as a witness. The expert would be subjected to cross-examination by each party, including a party calling the expert.

If appointed, the expert would be entitled to reasonable compensation for the time spent in preparing a report, conferring with the Court, testifying at a trial or hearing in the case. The Court would order the parties to pay the costs and expenses of the expert in advance divided equally between the two sides.

If appointed, the parties would not be precluded from calling their own expert witness to testify on the subjects.

//

The parties are ordered to appear at the hearing and to show cause, if any, why a Fed. R. Evid. 706 expert witness should not be appointed.

Dated:  September 18, 2008

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron Paul Silberman aps@rjop.com
Courtney Towle ctowle@kvn.com
Daniel E. Jackson djackson@kvn.com
Jon Burgess Streeter jstreeter@kvn.com
Julian William Mack pmack@buchalter.com
Kevin Thayer Reed kreed@kvn.com
Khari Jamil Tillery kjt@kvn.com
Thomas H. Carlson tcarlson@rjop.com

**Dated: September 18, 2008**                         **Richard W. Wieking, Clerk**

                                                      **By:  /s/ JW Chambers**
                                                              **Elizabeth Garcia**
                                                              **Courtroom Deputy**