IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 21X Capital Ltd., et al., | NO. C 06-04135 JW |
| Plaintiffs, | **ORDER APPOINTING RULE 706 EXPERT** |
| v. | |
| Robert Werra, et al., | |
| Defendants. | |

On September 23, 2008, the Court conducted a hearing on the Court's Proposed Appointment of a Rule 706 Expert Witness and conducted a Case Management Conference. Counsel for the respective parties were present. Following the hearing, the Court issued a Preliminary Pretrial Conference Scheduling Order, which directed the parties to file a Joint Statement on Additional Issues the parties wish to have the presumptive Court-appointed Rule 706 expert witness consider. (Docket Item No. 143.) Pursuant to the Court's Order, the parties have timely filed a Joint Statement Re: Additional Questions for the Rule 706 Expert. (Docket Item No. 144.)

The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the Federal Rules of Evidence, which provides, in part, "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed . . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Pursuant to Rule 702, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in

issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." Fed. R. Evid. 702.

In this case, the Court has determined that Texas law applies in determining the issue of alter ego liability. Thus, the Court finds good cause exists to appoint a Rule 706 expert to assist the Court in understanding the evidence, as it relates to the application of Texas alter ego liability principles to a limited liability company. Accordingly, based on the representations contained in the parties' Joint Statement and the Court's consideration of Plaintiffs' objection as to the scope of appointment, the Court appoints a Rule 706 Expert Witness as follows:

**A.** **Scope of Rule 706 Expert Appointment**

The Rule 706 Expert shall consider and address the following issues:

(1) What formalities are required by Texas with respect to capitalization, loans, or other financial or business conduct for a Texas limited liability company? Specifically, are there any requirements for the following:

    (a) LLC capitalization at formation and post-formation, including any amount of minimum initial capitalization;

        (i) the need for written promissory notes to evidence and memorialize the initial capitalization of the LLC if there is a promise from the members to pay the initial capitalization of $1,000;

        (ii) whether a LLC can be considered "undercapitalized" in light of business then being undertaken, even if the members initially capitalize the LLC with $1,000 in the form of an unsecured loan;

    (b) LLC funding during operation;

    (c) LLC income during operation;

    (d) loans provided to or from a LLC;

    (e) payments made by a LLC;

    (f) payments made on behalf of a LLC;

    (g) preparation of LLC tax returns;

|   |   |   |   |
|---|---|---|---|
| | (h) | | a LLC's day-to-day business operations; |
| | (i) | | disclosures made to third parties; |
| | (j) | | interested party transactions, such as transactions between a LLC and its managers or members; |
| | | (i) | whether any documentation is required with respect to loans by members to LLCs; |
| | | (ii) | whether any protocols are required for such interested party transactions; |
| | (k) | | member meetings and the memorialization of meetings; |
| | (l) | | whether Generally Accepted Accounting Principles, or some other accounting standards, are typically followed by LLCs; |
| (2) | | | Under Texas law, who is responsible for ensuring that a limited liability company observes its formalities? |
| | (a) | | Who, if anyone, is most responsible for assuring that a LLC observes requisite formalities; how are such responsibilities allocated between managers, members, officers, or other LLC employees or agents? |
| | (b) | | Is there any formal scrutiny to determine if formalities are being observed? |
| | (c) | | Does the designated tax member have any particularized duties or responsibilities? |

The Court reserves the right to modify the terms and conditions of appointment.

**B.     Fees and Costs of Rule 706 Expert**

Each party shall bear the cost of the Rule 706 Expert on an equally divided basis, payable in advance. If appointed, the Expert shall provide to the parties and the Court, an estimate of her fees and costs based on the scope of appointment. The Expert will then set up a trust account whereby the parties shall deposit their respective shares of the fees and costs. The Expert shall issue statements and draw from the trust account on a periodic basis as required in performance of the appointment. See Fed. R. Evid. 706(b).

3

**C. Nomination of Expert**

The Court nominates Professor Elizabeth S. Miller.[1] On or before **October 10, 2008 at 5 p.m.**, any party wishing to do so, shall file any objections to the naming of Professor Miller as the Rule 706 Expert. In any objection, the objecting party shall state the ground for the objection, and shall provide alternate nominations.

If no objection is filed and Professor Miller accepts her appointment, the appointment shall become effective on the same day. If an objection is filed, the appointment is subject to further order of the Court.

Dated: September 30, 2008

JAMES WARE
United States District Judge

---

[1] For the convenience of the parties, Professor Miller's resume is attached.

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron Paul Silberman aps@rjop.com
Courtney Towle ctowle@kvn.com
Daniel E. Jackson djackson@kvn.com
Jon Burgess Streeter jstreeter@kvn.com
Julian William Mack pmack@buchalter.com
Kevin Thayer Reed kreed@kvn.com
Khari Jamil Tillery kjt@kvn.com
Rachael Elizabeth Meny rem@kvn.com
Thomas H. Carlson tcarlson@rjop.com

**Dated:  September 30, 2008**                                         **Richard W. Wieking, Clerk**

                                                                              **By:      /s/ JW Chambers**
                                                                                     **Elizabeth Garcia**
                                                                                     **Courtroom Deputy**

United States District Court
For the Northern District of California

# Elizabeth S. Miller

## Education

Baylor Law School
    J.D., May 1985
    Highest Honors (Rank 1/116)
    Editor in Chief, Baylor Law Review

Baylor University
    B.A., May 1982
    Summa Cum Laude

## Professional Employment

August 1991 to Present - Baylor Law School
    Professor (1997-present), Associate Professor (1994-97), Assistant Professor (1991-94)
    Courses taught include Business Organizations I, Business Organizations II, Business Planning and Drafting, White Collar Crime.

June 1985 to August 1991 - Naman, Howell, Smith & Lee, P.C., Attorney
    Practice focused on corporate and banking matters. Corporate practice ranged from routine corporate matters to large mergers and acquisitions. Bank practice included commercial loan transactions and workouts, regulatory matters, and bank litigation. Handled or participated in many mergers and acquisitions, bank holding company formations, and changes in bank control. Practice also included substantial involvement in bank and other commercial litigation.

November 1985 to August 1991 - Baylor Law School, Ad Junct Professor

## Distinctions and Associations

Admitted to State Bar of Texas, November 1985
Highest score on State of Texas Bar Examination, July 1985
Member, American Bar Association - Section of Business Law: Immediate Past Chair, Committee on LLCs, Partnerships and Unincorporated Entities; Former Chair, Subcommittee on General Partnerships and Limited Liability Partnerships; Drafting Committee, Revised Prototype Limited Liability Company Act, Prototype Limited Liability Partnership Agreement, and Prototype Limited Liability Partnership Statute
ABA Advisor: Revised Uniform Limited Liability Company Act, National Conference of Commissioners on Uniform State Laws; Omnibus Business Organizations Code, National Conference of Commissioners on Uniform State Laws and American Bar Association
Member, American Law Institute
Fellow, American Bar Foundation
Fellow, Texas Bar Foundation
Member, State Bar of Texas: Chair, Business Law Section; Former Chair, Partnership and Limited Liability Company Law Committee; Corporation Law Committee; Ad Hoc Business Law Codification Committee
Member, Waco-McLennan County Bar Association: President (2007-2008); Board member and various offices (2000-2007)
Outstanding Professor Award, Baylor University (2006)